1
2
3
4
5
6
7            UNITED STATES DISTRICT COURT

8            CENTRAL DISTRICT OF CALIFORNIA

9

10   RONALD L. ADAMS,                    )   No. CV 14-3624 R (FFM)
                                         )
11                  Petitioner,          )
                                         )   ORDER SUMMARILY DISMISSING
12          v.                           )   PETITION FOR WRIT OF HABEAS
                                         )   CORPUS FOR LACK OF SUBJECT
13   THE STATE OF CALIFORNIA             )   MATTER JURISDICTION
     WARDEN ELVIN VALENZUELA             )
14   OF CALIFORNIA MEN'S COLONY          )
     EAST,                               )
15                  Respondent.          )
                                         )
16   ──────────────────────────────────

17          On May 12, 2014, petitioner Ronald L. Adams ("Petitioner") filed a Petition

18   for Writ of Habeas Corpus by a Person in State Custody ("Petition").[1]  Petitioner

19   challenges a 1981 conviction for kidnaping, raping, orally copulating, and

20   assaulting his victims with a deadly weapon (Los Angeles County Superior Court

21   in Case No. A620066).

22

23

24   ────────────────────
     [1] A *pro se* prisoner's relevant filings may be construed as filed on the date they
25   were submitted to prison authorities for mailing, under the prison "mailbox rule" of
26   *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).
     Petitioner has not attached a proof of service to the Petition; however, the Petition
27   contains a statement "Mail 5-6-14."  Therefore, the Petition may have been
28   constructively filed as early as May 6, 2014.

The Court takes judicial notice of its files with respect to a prior habeas petition (the "Prior Petition") Petitioner filed in this Court on or about May 5, 2004 (Case No. CV 04-3190 JVS (AN)).  The Court notes that the Prior Petition was directed to the same conviction and/or sentence sustained in Los Angeles County Superior Court Case No. A620066 as the Petition.  On June 17, 2004, Judgment was entered in Case No. CV 04-3190 JVS (AN) denying the Prior Petition as time-barred and dismissing the action with prejudice.  The Court also notes that Petitioner filed another habeas petition in this Court attacking the same 1981 conviction in 2013 (Case No. CV 13-2704 R).  That petition was dismissed as a second or successive petition on June 10, 2013.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996.  Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

"(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

/ / /

/ / /

2

1               (ii) the facts underlying the claim, if proven and viewed in

2               light of the evidence as a whole, would be sufficient to

3               establish by clear and convincing evidence that, but for

4               constitutional error, no reasonable factfinder would have

5               found the applicant guilty of the underlying offense.

6       (3)(A) Before a second or successive application permitted by this

7       section is filed in the district court, the applicant shall move in the

8       appropriate court of appeals for an order authorizing the district court

9       to consider the application."

10     The Prior Petition was denied on the ground that it was barred by the

11 one-year period of limitation.  A dismissal based on the statute of limitations is

12 considered an adjudication on the merits for purposes of determining whether a

13 subsequent petition is successive under the Act.  *Reyes v. Vaughn*, 276 F. Supp.

14 2d 1027, 1029 (C.D. Cal. 2003); *see Plaut v. Spendthrift Farm*, 514 U.S. 211,

15 228, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995) ("The rules of finality, both

16 statutory and judge made, treat a dismissal on statute-of-limitations grounds the

17 same way they treat a dismissal for failure to state a claim, for failure to prove

18 substantive liability, or for failure to prosecute: as a judgment on the merits.")

19 (citing Fed. R. Civ. P. 41(b) and *United States v. Oppenheimer*, 242 U.S. 85, 87-

20 88, 37 S. Ct. 68, 61 L. Ed. 161 (1916)); *Ellingson v. Burlington Northern Inc.*,

21 653 F.2d 1327, 1330 n.3 (9th Cir. 1981) ("A judgment based on the statute of

22 limitations is 'on the merits.'") (citing *Mathis v. Laird*, 457 F.2d 926, 927 (5th

23 Cir. 1972)).

24     Therefore, because the Petition now pending challenges the same

25 conviction as Petitioner's prior habeas petition in Case No. CV 04-3190 JVS

26 (AN), it constitutes a second and/or successive petition within the meaning of 28

27 U.S.C. § 2244(b).  To the extent Petitioner seeks to pursue the same claims he

28 previously asserted, the Petition is barred by the provisions of 28 U.S.C. §

2244(b)(1).  To the extent Petitioner seeks to pursue claims not previously asserted, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court.  Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject matter jurisdiction.

For the foregoing reasons,

IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 30, 2014

_____
MANUEL L. REAL
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
    FREDERICK F. MUMM
United States Magistrate Judge

4